NO SUMMONS ISSUED FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y

★ DEC 1 0 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GOODACCOUNTANTS.COM, INC.,

    Plaintiff,

v.

ST. CLAIR CPAS, PC, d/b/a ST. CLAIR CPA
SOLUTIONS,

    Defendant.

Civil Action No.:

**CV-12 6059**

HURLEY, J.

BROWN, M. J.

NO SUMMONS ISS

NO SUMMONS ISSUED

## DEFENDANT'S NOTICE OF REMOVAL FROM STATE COURT TO UNITED STATES DISTRICT COURT

PLEASE TAKE NOTICE that Defendant, St. Clair, CPAs, P.C., d/b/a St. Clair CPA Solutions (St. Clair), through its undersigned counsel, hereby removes the above-entitled action from the Supreme Court of New York, County of Nassau to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1441(b). This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by St. Clair pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states. St. Clair states that removal is proper for the following reasons:

### PROCEDURAL HISTORY

1.    On our about October 25, 2012, Plaintiff, GOODACCOUNTANTS.COM, INC. "Good Accountants" brought a civil action in the Supreme Court of the State of New York, County of Nassau ("State Court"), against St. Clair filing a Summons and Complaint (collectively, "the Pleadings").

2.    The action is styled <u>GOODACCOUNTANTS.COM, INC. v. ST CLAIR CPAS,</u> <u>PC, d/b/a ST. CLAIR CPA SOLUTIONS</u>, Index No. 13534-2012.

3.    St. Clair has removed this action within <u>thirty</u> (30) days after receipt of the Complaint in accordance with 28 U.S.C. § 1446(b).

4.    The Pleadings in this action that have been filed in State Court are annexed hereto as Exhibit "A".

## I.   THE COURT HAS SUBJECT MATTER JURISDICTION

### A.    Citizenship of the Parties

5.    This action is in the nature of a civil suit for compensatory damages based on claims of Breach of Contract and Accounts Stated stemming from St. Clair's alleged non-payment of services provided by Good Accountants.

6.    This action involves a controversy between citizens of different states.

7.    According to the face of the Complaint, Good Accountants is now, and was at the time the action was commenced, a New York corporation with a principal place of business located in Nassau County, New York. (Compl. ¶ 3).

8.    Accordingly, Good Accountants was and is currently a resident of New York.

9.    St. Clair is now, and was at the time the action was commenced a Pennsylvania corporation, with its principal place of business located in Conshohocken, Pennsylvania.

10.    Thus, St. Clair was and is currently a resident of Pennsylvania.

11.    Accordingly, the citizenship of the parties is diverse.

### B.    The Amount in Controversy Requirement is Satisfied

12.     In the Complaint, Good Accountants allege, *inter alia*, that it "has been damaged in an amount to be determined by the Court, but reasonably estimated to be not less than $150,000." (Compl. ¶ 17).

13.     Thus, the amount placed in controversy by the Complaint easily satisfies and exceeds the $75,000.00 jurisdictional requirement, exclusive of costs and interests.

14.     Accordingly, this Court has subject matter jurisdiction over this action.

## II.     THE REMOVING DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

15.     Removal is timely under 28 U.S.C. § 1446(b) because the Complaint is the first pleading, motion, order or other paper which it could first be ascertained that this action is one which is or has become removable.

16.     This Notice of Removal is filed within thirty (30) days of the service on the Removing Defendants of a copy of the Complaint.

17.     A copy of this Notice of Removal will be filed with the Supreme Court of the State of New York, County of Nassau, and will be served on Good Accountant's counsel pursuant to 28 U.S.C. § 1446(d).

18.     The Supreme Court of the State of New York, County of Nassau, is located within the Eastern District of New York.  Thus, venue is proper in this Court pursuant to 28 U.S.C. § 11(d), because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

19.     By filing this Notice of Removal, St. Clair intends no admission of liability and expressly reserves all defenses, motions, and pleas including without limitation objections to the sufficiency of Good Accountant's pleadings.

WHEREFORE, Defendant, St. Clair prays that the above-captioned action is removed, with the express reservation of all procedural and substantive defenses, from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York.

Dated: New York, New York
December 10, 2012

GIBNEY, ANTHONY & FLAHERTY, LLP

By:_____
John Macaluso (JM 2058)
665 5th Avenue
New York, NY 10022
T: (212) 688-5151
F: (212) 688-8315
E: jmacaluso@gibney.com


Barry L. Cohen
101 West Elm Street, Ste 220
Conshohocken, PA 19428
T: (484) 362-2628
F: (484) 362-2630
E: bcohen@rccblaw.com


Attorneys for Defendant
St. Clair, CPAs, P.C.,
d/b/a St. Clair CPA Solutions (St. Clair)

Ex A

UNITED LAWYERS

copy

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

----------------------------------------------------------

GOODACCOUNTANTS.COM, INC.

Plaintiff,

-against-

ST. CLAIR CPAS, PC, d/b/a ST. CLAIR CPA
SOLUTIONS,

Defendant.

----------------------------------------------------------

Index Number: 13534-2012

Date Summons Filed: Oct. 25, 2012

**SUMMONS**

Plaintiff designates Nassau County
as the place of trial. The basis of
venue is CPLR 503(a).

Plaintiff's place of business
is in Nassau County, NY

To the above named Defendant:

YOU ARE HEREBY SUMMONED to answer the complaint in this action
and to serve a copy of your answer on Plaintiff's Attorney within twenty (20) days after the
service of this summons, exclusive of the day of service, where service is made by delivery
upon you personally within the State of New York, or within thirty (30) days after completion
of service where service is made in any other manner. In case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: October 24, 2012

F. Todd McLoughlin
Rapaport Law Firm, PLLC
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 382 - 1600

RECEIVED

OCT 25 2012

NASSAU COUNTY
COUNTY CLERK'S OF...

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

----------------------------------------------------------------------

GOODACCOUNTANTS.COM, INC.

Plaintiff,

-against-

ST. CLAIR CPAS, PC, d/b/a ST. CLAIR CPA
SOLUTIONS,

Defendant.

----------------------------------------------------------------------

Index Number:

**COMPLAINT**

Plaintiff, GOODACCOUNTANTS.COM, INC. (hereinafter "Good Accountants") by its

attorneys, Rapaport Law Firm, PLLC, as and for its Complaint against Defendant ST. CLAIR

CPAS, PC (hereinafter "St. Clair") alleges, upon information and belief, as follows:

## INTRODUCTION

1.      St. Clair retained Good Accountants to provide marketing services and generate

referrals of accounting clients in New York, New Jersey, Pennsylvania, Maryland and other parts

of the United States.  The relationship between St. Clair and Good Accounts was, and is,

governed by a Designated Service Provider Agreement (the "DSPA") that obligates St. Clair to

make four payments of $50,000 each to Good Accounts, plus an initial deposit, also in the sum

of $50,000.  In exchange, Good Accountants agreed to provide marketing services to St. Clair,

until such time as St. Clair realizes $500,000 in billing from Good Accountants' services.

However, despite receiving, accepting and benefiting from Good Accountants' marketing

services, St. Clair has failed and refused to make three of the five required payments.

2.     Good Accountants has commenced this action in order to recover the unpaid marketing fees from St. Clair owed to Good Accountants pursuant to the DSPA.

## RELEVANT FACTS

3.     Good Accountants is a duly formed New York corporation, with its principal place of business in Nassau County, New York.

4.     St. Clair is a foreign professional corporation that provides accounting and financial services for individuals, businesses and estates.

5.     Article VI of the DSPA states that the DSP "has been executed and delivered in the State of New York, and its interpretation, validity and performance shall be construed and enforced in accordance with the laws of such State."

6.     On July 11, 2012 Good Accountants and St. Clair entered into the DSPA wherein St. Clair agreed to pay Good Accountants the non-refundable, fixed sum of $250,000 over the course of four months for Good Accountants marketing services.

7.     St. Clair's payments due pursuant to the DSPA were due in five equal installments of $50,000. The first payment was due upon signing of the Contract, and the following four payments were due on the 12th day of the four following months (August through November 2012).

8.     St. Clair has defaulted and breached its foregoing obligations under the DSPA.

9.     St. Clair failed to remit the payment due on or before September 12, 2012.

2

10.  Due to St. Clair's failure to remit the September 12, 2012 payment, by letter dated September 18, 2012, Good Accountants demanded that St. Clair pay the payment due on September 12, 2012.

11.  St. Clair failed to comply with Good Accountant's demand for payment in the September 18, 2012 letter.

12.  Instead of paying as they had agreed, St. Clair responded to Good Accountants' letter by admitting the payments were due and acknowledging the quality of Good Accountants' services, but absurdly fabricating, from whole cloth, additional terms to the DSPA dealing with ratios and bench-marks that are utterly foreign to the DSPA and, in fact, bear no resemblance to the actual terms of the DSPA.

13.  St. Clair has also failed to make the payment due on or before October 12, 2012 and, by reason of its statements and actions, has made it clear that it will not make the payment due on or before November 12, 2012.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

14.  Good Accountants repeats, and realleges each and every allegation contained in paragraphs 1-13 inclusive, with the same force and effect as if set forth fully and at length herein.

15.  On or about July 11, 2012 Good Accountants and St. Clair entered into the DSPA, whereby, among other things, St. Clair agreed to pay $50,000 to Good Accountants on September 12, 2012, October 12, 2012 and November 12, 2012.

3

16.     Despite admitting the quality of Good Accountants' services, and St. Clair's obligation to make the foregoing payments, St. Clair has failed to payments due on or before September 12, 2012 and October 12, 2012 payment. Furthermore, by reason of its statements and actions, St. Clair has made it clear that it will not make the payment due on or before November 12, 2012.

17.     By reason of the foregoing, Good Accountants has been damaged in an amount to be determined by the Court, but reasonably estimated to be not less than $150,000.

## AS AND FOR A SECOND CAUSE OF ACTION
## ACCOUNTS STATED

18.     Good Accountants repeats, and realleges each and every allegation contained in paragraphs 1-17 inclusive, with the same force and effect as if set forth fully and at length herein.

19.     Pursuant to the DSPA, St. Clair was obligated to pay $50,000 to Good Accountants on September 12, 2012 and October 12, 2012.

20.     Despite due demand from Good Accountants, St. Clair has failed to make both the $50,000 payment due on September 12, 2012 and the $50,000 payment due on October 12, 2012.

21.     By reason of the foregoing, Good Accountants has been damaged in an amount to be determined by the Court, but reasonably estimated to be not less than $100,000.


WHEREFORE Plaintiff Good Accounts respectfully requests the following relief:

1.     On the First Cause of Action, awarding Good Accounts a money judgment against St. Clair in an amount to be determined by the Court, but reasonably estimated to be not less than $150,000;

4

2.  On the Second Cause of Action, awarding Good Accountants a money judgment

against St. Clair in an amount to be determined by the Court, but reasonably estimated to be not

less than $100,000;

3.  For such other, further and different relief as to the Court may seem just and

proper.

Dated: New York, New York
        October 24, 2012

                                    Yours, etc.
                                    Rapaport Law Firm, PLLC
                                    Attorneys for Plaintiff
                                    GoodAccountants.com, Inc.


                           By:  _____
                                    F. Todd McLoughlin
                                    350 Fifth Avenue, Suite 4400
                                    New York, New York 10118
                                    Ph: (212) 382-1600

5

Index No.: 13834    20 ___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

GOODACCOUNTANTS.COM, INC

Plaintiff,

-against-

ST. CLAIR CPAS, PC d/b/a ST. CLAIR CPA
SOLUTIONS

Defendant,

SUMMONS AND COMPALAINT

Signature (Rule 130-1.1-a)

Print name beneath    F. Todd McLoughlin

RAPAPORT LAW FIRM, PLLC
Plaintiff

Attorney(s) for

Office and Post Office Address, Telephone
EMPIRE STATE BUILDING
350 FIFTH AVENUE, SUITE 4400
NEW YORK, NEW YORK 10118
(212) 382-1600

To:                                    Esq.

Attorney(s) for

Service of a copy of the within                is hereby admitted:

Dated, N.Y.,

Attorney(s) for

BLACKSTONE LEGAL SUPPLY
123 GREENWICH ST. HEMPSTEAD, NY 11550 · (800) 622-6272

---

NOTICE OF ENTRY

Sir : PLEASE TAKE NOTICE that the within is
a true-certified-copy of a

duly entered in the office of the clerk of the within
named court
on
Dated:          Yours, etc.

RAPAPORT LAW FIRM, PLLC

Attorney(s) for

Office and Post Office Address
EMPIRE STATE BUILDING
350 FIFTH AVENUE, SUITE 4400
NEW YORK, NEW YORK 10118

To:

Attorney(s) for

NOTICE OF SETTLEMENT

SIR : PLEASE TAKE NOTICE that

of which the within is a true copy will be presented for
settlement to the Hon.

one of the judges of the within named Court
at
on the          day of
at            M.
Dated:

Yours, etc.

RAPAPORT LAW FIRM, PLLC                Esq.

Attorney(s) for

Office and Post Office Address
EMPIRE STATE BUILDING
350 FIFTH AVENUE, SUITE 4400
NEW YORK, NEW YORK 10118

To:

Attorney(s) for